# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 01-CR-30172-WDS |
| v. ) | |
| ) | |
| JUAN MELENDEZ, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on remand from the United States Court of Appeals for the Seventh Circuit, *United States v. Melendez,* 401 F.3d 851 (7th Cir. 2005), in accordance with *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). In accordance with *Paladino*, this Court ordered the parties to submit their respective positions on the question of whether, in light of the decision of the Supreme Court's ruling in *United States v. Booker*, 125 S. Ct. 783 (2005), the defendant's sentence was proper. The Seventh Circuit in *Paladino* advised: "Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence with an appropriate explanation" or advise the Seventh Circuit of the Court's desire to resentence the defendant. *Id.*

The Court has considered the entire record, including: the briefs filed by counsel; the statutory factors of 18 U.S.C. § 3553(a); the advisory sentencing guidelines; and the reasons for the original sentence imposed in this case. Upon review of the record, the Court finds that hearing is not warranted in this case and advises the Court of Appeals for the Seventh Circuit that it would impose the same sentence in light of *Booker*.

## **FACTUAL BACKGROUND AND COURT'S FINDINGS AT SENTENCING**

The defendant was charged in a multiple-count Fourth Superseding Indictment with being part of a multi-defendant conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(a)(A) and 846 (Count 1), and with possession with intent to distribute marijuana (Count 2). The defendant was convicted, after a jury trial, of both Counts 1 and 2 and was sentenced to concurrent terms of imprisonment of 300 months on each of Counts 1 and 2 and a term of supervised release of five (5) years.

The evidence at trial revealed that Melendez was a high level supplier of marijuana to the Vilmer/Torbellin organization which distributed in the St. Louis and East St. Louis areas. 401 F.3d at 852-53. The jury returned a special verdict on Count 1 finding that the amount was in excess of 1000 kilograms of marijuana, and on Count 2 that the amount was in excess of 100 kilograms. 401 F.3d at 855. The Court found by a preponderance of the evidence that the conspiracy involved between 10,000 and 30,000 kilograms of marijuana and that the defendant was the leader or organizer of the conspiracy. *Id.*

At the sentencing hearing, the Court found that the evidence supported a finding that Melendez was not just a supplier of marijuana, but took an active role in the distribution activities of the conspiracy. (Tr. March 3, 2003, pp. 26-27), that he involved others in the conspiracy and tallied loads to make sure he got paid for all the marijuana he supplied. (*Id* at 27). With respect to amounts of drugs attributable to Melendez, the Court found that the defendant's relevant conduct included, inter alia, the amounts of marijuana seized during the life of the conpsiracy, which came to a total of 441 kilograms. That the cash seized, $580, 504[1], if

---

[1] The sentencing transcript states that the amount of money seized was $208,504, however, this is a typographical error. The correct amount, as defendant indicates in his brief, was $580,504.

converted to marijuana at the rate of $550 per pound, would be approximately 479.75 kilograms, for a subtotal of more than 920 kilograms.  (*Id.* at pp. 28-29).  In addition, the evidence revealed that the organization distributed large quantities of marijuana.  In October of 2000, approximately 591 kilograms, and in January of 2001, another 727 kilograms were delivered to the Vilmer organization.  In November of 2001, at the time that various members of the organization were arrested, another 369.8 kilograms were seized.  (*Id.* at 29-30).   In addition, the Court found credible the testimony of Torbellin that he had purchased some 7,500 pounds from Melendez and Torbellin had stored an additional 1, 500 for Melendez, which converts to a total of 4,090 kilograms.[2]  The credible evidence was that Torbellin shipped approximately 20,000 pounds of marijuana to Vilmer during the life of the conspiracy before their rift, and approximately 2, 500 pounds after the rift, making the total 22,500 pounds, or 10,227 kilograms. (*Id.* at 30).  The Court found that these amounts were corroborated by the testimonies of Billy Corbitt, Raymond Carpenter, Scott Vilmer, and John Walker.  (*Id.*).  The Court found that it was reasonable, in light of the evidence, to find that the defendant's relevant conduct was more than 10,000 but less than 30,000 kilograms of marijuana.  (*Id.*).

      The Court noted that the conspiracy involved a large amount of drugs, operated for a long period of time, and involved a substantial amount of money.  (*Id.* at 36).  The Court specifically found that the sentence imposed was done so in light of the effect on society of trafficking in controlled substances and that the sentence was appropriate to punish the defendant for the crime committed as well as to act as a deterrent to others. (*Id.*)

      The case was remanded on the question of whether the Court, had it known that the

---

[2] The transcript of the sentencing hearing incorrectly lists the conversion amount as 490 kilograms.  The correct conversion of 9,000 lbs is 4090 kilograms.

Sentencing Guidelines were advisory, rather than mandatory, would have imposed a lesser sentence. The Court notes that it took into consideration, at the time of sentencing, the defendant's age, as well as his criminal history, and imposed a sentence that was sufficient to punish the defendant for the crime that he committed as well as to act as a deterrent to others. The sentence imposed was 300 months which was toward the low end of the then mandatory Guideline range of 292-365 months for a level 40, criminal history category of I.

### **LIMITED REMAND REVIEW**

The Seventh Circuit has held that "[A]ny sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005) (*quoted in United States v. Spano*, No. 03-1110 slip op at 3 (7th Cir. May 9, 2006)). The defendant may rebut this presumption "by demonstrating that his sentence is unreasonable when measured against the factors set forth in § 3553(a)." 415 F.3d at 608; *United States v. Brock,* 433 F.3d 931, 938 (7th Cir. 2006); *Spano*, slip op at 3. The language of 18 U.S.C. § 3553(a) provides several factors which are to be considered when imposing a sentence. The guidance given in the statutory language is that "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the statute. As set forth in the statute, the sentencing court is to consider: a) The nature and circumstances of the offense and the history and characteristics of the defendant § 3553(a)(1); b) and the sentence should: reflect the seriousness of the offense, § 3553(a)(2)(A); promote the respect for law, § 3553(a)(2)(A); provide just punishment for the offense, § 3553(a)(2)(A); afford adequate deterrence to criminal conduct, § 3553(a)(2)(B); protect the public from further crimes of the defendant,§ 3553(a)(2)(C); and provide the defendant with the needed educational

or vocational training, medical care or other correctional treatment in the most effective manor, § 3553(a)(2)(D).

The Seventh Circuit has made it clear that post *Booker,* sentencing determinations should be made on a preponderance of the evidence standard. "The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guidelines system has some flexibility in application." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005).

In his brief, the defendant asserts that his sentence was unreasonable for two reasons. The first is that his guideline range was not properly calculated and the second is that the sentence did not meet the requirements of § 3553(a).  The first argument was raised on direct appeal.  *See,* 401 F.3d at 855. With respect to the drug quantity calculation, the defendant asserts that the Court improperly added 9,000 pounds of marijuana to the total by including the 1, 500 pounds which Torbellin stored for Melendez over the life of the conspiracy.   In addition, the defendant asserts that the Court improperly included all quantities of marijuana sold to Scott Vilmer by Torbellin, regardless of the time period or the source, and that the Court should not have included the Rene Olvera marijuana in the total calculation.  The defendant asserts that a preponderance standard review of the trial evidence does not support the drug quantity because there was both double counting, and the Court included quantities for which Melendez was not responsible.

In its response, the government asserts that there was ample evidence in the record to support the Court's finding that the defendant's relevant conduct was more than 10,000

5

kilograms of marijuana. The Court agrees with the government's assessment of the record. The Court has reviewed the sentencing transcript and the record and FINDS that the defendant's relevant conduct was properly calculated in light of the nature of his role and involvement in this conspiracy.

At sentencing, this Court gave consideration to the then mandatory Sentencing Guidelines, the defendant's criminal history, the evidence adduced at trial, including evidence of the amounts of crack cocaine involved in this conspiracy. The Court has also considered the sentencing factors set out in 18 U.S.C. § 3553(a), including the statutory directive that the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the statute. The Court specifically considered the nature and circumstances of the offense and the history and characteristics of the defendant; the seriousness of the offense; the need to promote the respect for law, provide just punishment for the offense afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manor.

The Court reviewed the mitigating evidence and aggravating evidence presented at the time of sentencing. The sentence of 300 months was at the lower end of the guideline range and reflected the seriousness of defendant's offense. The Court has fully considered the nature of this offense, and defendant's personal history and characteristics, and all mitigating evidence in the record. *See id.* at § 3553(a)(1). The Court sentenced the defendant to that term of imprisonment to promote respect for the law, and to protect the public from further crimes by this defendant. *See* 18 U.S.C. § 3553(a)(2).

For the reasons listed above, the Court **FINDS** that the defendant has not overcome the rebuttable presumption that his sentence is reasonable. *See Mykytiuk*, 415 F.3d at 608 ("This is a deferential standard . . . The defendant can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in § 3553(a)."). Therefore, the Court **FINDS** that if this matter were to be remanded for re-sentencing, the Court would impose the same sentence as that previously imposed.

**IT IS SO ORDERED.**

**DATED:   July 6, 2006.**

              **s/  WILLIAM D.  STIEHL**
                **DISTRICT JUDGE**